1  Bradley Bernstein Sands LLP
   Darin Sands, OSB No. 106624
2  1425 SW 20th Ave, Suite 201
   Portland, OR 97201
3  503-734-2480
   dsands@bradleybernsteinllp.com
4
   Gibson, Dunn & Crutcher LLP
5  Jesse Cripps, *pro hac vice forthcoming*
   333 South Grand Avenue
6  Los Angeles, CA 90071
   213-229-7792
7  JCripps@gibsondunn.com

8  Attorneys for Defendants
   *Becklin Holdings, Inc. and Dennis Sterling Becklin*
9

10

11

12

13

14

15

16                    UNITED STATES DISTRICT COURT

17                     FOR THE DISTRICT OF OREGON

18  CASEY R. INGELS,                          CASE NO.

19              Plaintiff,                    **NOTICE OF REMOVAL**

20       v.                                   (Removal from the Circuit Court of the
                                              State of Oregon for the County of
21  BECKLIN HOLDINGS, INC., DBA               Multnomah, No. 22CV09868)
    ECS COMPOSITES, INC., AND
22  DENNIS STERLING BECKLIN, AN
    INDIVIDUAL,
23
                Defendants.
24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

1    To the United States District Court for the District of Oregon, the parties, and

2    their counsel of record:

3    PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. § 1441(b), Defendants

4    Becklin Holdings, Inc., dba ECS Composites, Inc., and Dennis Sterling Becklin

5    (collectively, "Defendants") hereby remove the above-captioned action from the

6    Circuit Court of the State of Oregon for the County of Multnomah to the United States

7    District Court for the District of Oregon.  Removal to this Court is proper because

8    (1) diversity exists between plaintiff and both defendants, the amount in controversy

9    exceeds $75,000, and this Court therefore has jurisdiction over the case, and (2) this

10    Court embraces the venue where the state court litigation is pending.  Defendants

11    appear specifically for the purpose of removal and preserve any and all defenses

12    available under the Federal Rule of Civil Procedure 12.  The grounds for removal are

13    as follows:

14    1.    On or about March 22, 2022, Plaintiff Casey R. Ingels filed a complaint

15    (the "Complaint") in the Circuit Court of the State of Oregon for the County of

16    Multnomah, bearing the Case Number 22CV09868 (the "Removed Action").  A true

17    and correct copy of the Complaint is attached hereto as Exhibit 1.  No further

18    proceedings have been had in the Removed Action.

19    2.    Removal to this Court is proper because it is "the district and division

20    embracing the place where" the Removed Action is pending, 28 U.S.C. § 1441(a), and

21    this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

22    3.    Removal is timely as this Notice of Removal is filed within 30 days after

23    filing of an initial pleading.  *See* 28 U.S.C. § 1446(b)(1).  Removal is appropriate

24    because both Defendants are diverse to Plaintiff.

25    4.    Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is

26    being served upon Plaintiff's counsel and also filed with the Clerk of the Circuit Court

27    of the State of Oregon for the County of Multnomah.

28

Gibson, Dunn &
Crutcher LLP

1

1   5.   As set forth more fully below, this Court has jurisdiction over this matter,

2   and removal is proper pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

3   **THIS COURT HAS JURISDICTION UNDER 28 U.S.C. § 1332**

4   6.   The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332,

5   based on diversity of citizenship, because complete diversity exists between the

6   Plaintiff and the Defendants, and because the amount in controversy exceeds $75,000,

7   exclusive of interest and costs.

8   **A.   Complete Diversity Exists Between Plaintiff and Defendants, Neither of**

9   **Whom Have Yet Been Served**

10   7.   Plaintiff is a citizen and resident of Steilacoom, Washington.  Ex. 1, ¶ 9.

11   8.   Defendant Becklin Holdings, Inc. dba ECS Composites, Inc. is a Nevada

12   LLC with its principal place of business in Grants Pass Oregon.  *Id.* ¶ 10.  Defendant

13   Dennis Sterling Becklin is a citizen and resident of Grants Pass, Oregon.  *Id.* ¶ 11.

14   9.   At the time of filing this Notice of Removal, neither Defendant has been

15   served with the Complaint or Summons.

16   10.   The provisions of 28 U.S.C. § 1441(b)(2), commonly referred to as "the

17   forum defendant rule," are inapplicable to the instant matter because none of the

18   Defendants has been "properly joined and served" in the court in which the action was

19   brought.  *See Tex. Brine Co. LLC v. Am. Arbitration Ass'n. Inc.*, 955 F.3d 482, 486

20   (5th Cir. 2020) (ruling that Section 1441(b)(2)'s "plain meaning precludes removal on

21   the basis of in-state citizenship only when the defendant has been properly joined and

22   served"); *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 702 (2d Cir. 2019)

23   (same); *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 152 (3d Cir.

24   2018) (same); *Choi v. Gen. Motors LLC*, 2021 WL 4133735, at *5 (C.D. Cal. Sept. 9,

25   2021) (same).

26   **B.   The Alleged Amount-In-Controversy Exceeds $75,000**

27   11.   To trigger this Court's jurisdiction under 28 U.S.C. § 1332, the amount in

28   controversy must exceed $75,000, exclusive of costs and interest.  To satisfy this

Gibson, Dunn &
Crutcher LLP

2

1    requirement, "a defendant's notice of removal need include only a plausible allegation

2    that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*

3    *Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).

4            12.     To be clear, Defendants deny that they are liable for any amount of

5    damages; however, the amount in controversy based on the claims and allegations in

6    the Complaint clearly exceeds $75,000, exclusive of interest and costs.  *See* Ex. 1 at 1

7    (indicating prayer amount in excess of $75,000); *see also* 28 U.S.C. § 1446(c)(2) ("If

8    removal of a civil action is sought on the basis of the jurisdiction conferred by

9    section 1332(a), the sum demanded in good faith in the initial pleading shall be

10    deemed to be the amount in controversy . . . .").

11                                    **CONCLUSION**

12           WHEREFORE, Defendants Becklin Holdings, Inc., dba ECS Composites, Inc.,

13    and Dennis Sterling Becklin remove the state court action in the Circuit Court of the

14    State of Oregon for the County of Multnomah, bearing the Case Number 22CV09868,

15    to the United States District Court for the District of Oregon.

16

17

18    DATED: March 23, 2022                    Respectfully Submitted,

19

20    By: /s/ *Darin M. Sands*
      _____

21    Bradley Bernstein Sands LLP
      Darin Sands, OSB No. 106624
22    1425 SW 20th Ave, Suite 201
      Portland, OR 97201
23
      Gibson, Dunn & Crutcher LLP
24    Jesse Cripps, *pro hac vice forthcoming*
      333 South Grand Avenue
25    Los Angeles, CA 90071

26    *Attorneys for Becklin Holdings, Inc., and Dennis Sterling Becklin*

27

28

Gibson, Dunn &
Crutcher LLP                               3

1

2

**CERTIFICATE OF SERVICE**

I, Darin Sands, hereby certify that I electronically filed the foregoing Notice of Removal with the Court's CM/ECF system.  I also am emailing this filing to Plaintiff's counsel of record in the Removed Action.


Dated: March 23, 2022

                                      /s/ *Darin M. Sands*

                                      Darin M. Sands

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28