IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **CASEY R. INGELS**, <br><br> Plaintiff, <br><br> v. <br><br> **BECKLIN HOLDINGS, INC.**, dba ECS COMPOSITES, INC., and **DENNIS STERLING BECKLIN**, <br><br> Defendants. | Case No. 3:22-cv-00459-IM <br><br> **ORDER** |

Paul C. Buchanan, Buchanan Angeli Altshul & Sullivan LLP, 921 SW Washington Street, Suite 516, Portland, OR 97205. Attorney for Plaintiff.

Jesse A. Cripps, Gibson, Dunn & Crutcher LLP, 333 S. Grand Ave., Suite 5200, Los Angeles, CA 90071. Darin M. Sands, Bradley Bernstein Sands LLP, 1425 SW 20th Ave., Suite 201, Portland, OR 97201. Attorneys for Defendants.

**IMMERGUT, District Judge.**

  This matter comes before this Court on Plaintiff Casey R. Ingels' Motion to Remand, ECF 11. This Court has considered the Parties' briefing, ECF 11; ECF 13; ECF 14; ECF 15, and the record as a whole, and GRANTS Plaintiff's Motion to Remand.

PAGE 1 – ORDER

## BACKGROUND

On March 22, 2022, Plaintiff Casey R. Engels filed a Complaint against Defendants Becklin Holdings, Inc. ("Becklin") and Dennis Sterling Becklin ("Sterling") in the Multnomah County Circuit Court in the State of Oregon.[1] ECF 1-1. Plaintiff, the former President and CEO at Becklin Holdings, Inc., asserts various claims related to Plaintiff's termination and Defendants' alleged misconduct—including Defendants' post-termination defamation and retaliation against Plaintiff. Plaintiff is a citizen of Washington; Defendant Becklin is a citizen of Oregon and Nevada;[2] and Defendant Sterling is a citizen of Oregon. ECF 1 at ¶ 7–8.

Prior to removal, counsel for the Parties had engaged in weeks of negotiation about the claims at issue. ECF 11 at 3. On March 22, 2022, Plaintiff e-mailed a copy of the Complaint to Defendants' counsel, inquiring if counsel would accept service on his clients' behalf. *Id.* Plaintiff received no response, but followed up the next day on March 23, 2022, with a file-stamped copy of the Complaint. *Id.* Again, Plaintiff asked if Defendants' counsel would accept service for the Defendants. *Id.* Instead of responding to Plaintiff, Defendants filed a Notice of Removal that same day.[3] ECF 1.

## LEGAL STANDARDS

Federal courts have limited jurisdiction, "possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotation marks and citation omitted). A defendant may remove to federal court a civil action in which a federal

---

[1] The Complaint designates a state court case number of 22CV09868. ECF 1 at ¶ 1.

[2] Defendant Becklin is incorporated in Nevada and has its principal place of business in Oregon. ECF 1 at ¶ 8.

[3] Plaintiff completed service on both Defendants through a process server on March 24, 2022. ECF 11 at 4. Prior to removal, neither Defendant had been formally served.

question exists or in which complete diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332, 1441.

"A plaintiff is the master of the plaintiff's complaint, and has the choice of pleading claims for relief under state or federal law (or both)." *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1056 (9th Cir. 2018). Generally, plaintiffs are entitled to deference in their choice of forum. The defendant "always has the burden of establishing that removal is proper" and must overcome a "strong presumption against removal jurisdiction." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (internal quotation marks and citation omitted). "[A]ny doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009).

The procedure for removal is governed by 28 U.S.C. § 1446, which states that a defendant desiring to remove an action to federal court must file a notice of removal "containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). The notice of removal "shall be filed within 30 days after the *receipt* by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." *Id*. § 1446(b)(1) (emphasis added).

But removal is barred "if any of the parties in interest properly *joined and served* as defendants is a citizen of the State in which such action is brought." *Id*. § 1441(b)(2) (emphasis added). Known as the "forum defendant rule," this rule "reflects the belief that [federal] diversity jurisdiction is unnecessary because there is less reason to fear state court prejudice against the

PAGE 3 – ORDER

defendants if one or more of them is from the forum state." *Spencer v. U.S. Dist. Ct. for N. Dist. of Cal.*, 393 F.3d 867, 870 (9th Cir. 2004) (internal quotation marks and citation omitted).

## DISCUSSION

Plaintiff asks this Court to remand the action on the basis that removal violates the "forum defendant rule" set forth in 28 U.S.C. § 1441(b)(2). ECF 11 at 1. However, this Court declines to address the Parties' arguments concerning the applicability of the forum defendant rule because this Court finds that there was a threshold defect with Defendants' removal. This Court finds that Defendants' removal was improper because neither Defendant was formally served prior to removal. Without having received some kind of formal service, this Court cannot find that Defendants were empowered to remove.

As this Court noted in its decision in *McAboy v. Intel Corp.*, No. 3:21-CV-01773-IM, 2022 WL 1519081 (D. Or. May 13, 2022), this Court construes the text and structure of the removal statute as a whole. *Id.* at *4. Thus, this Court analyzes 28 U.S.C. § 1441 in conjunction with the removal procedures outlined in 28 U.S.C. § 1446. *Id.* Reading the statute as a whole, this Court finds that removal is not permitted until a removing Defendant has been served. Because neither Defendant had been served prior to removal, this Court finds that removal was defective. *Id.* at *5–6.

This Court also notes that its reasoning aligns with the Supreme Court's decision in *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999). There, the Supreme Court articulated various bedrock principles including the "*historic function of service of process as the official trigger for responsive action by an individual or entity named defendant.*" *Id.* at 353 (emphasis added); *see also id.* at 350 ("[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure

stating the time within which the party served must appear and defend."). *Murphy Bros.* vindicates the fundamental tenet that a defendant cannot be forced to participate in a matter where service is defective or never completed.[4]

While it is true that Plaintiff e-mailed a file-stamped copy of the Complaint to Defendants' counsel, this Court finds that it is at best ambiguous whether this action satisfies the statutory mechanics of receipt and formal service under 28 U.S.C. § 1446. This Court is mindful that it must strictly construe the removal statute and resolve all doubts about removal in favor of remand. *Gould v. Mut. Life Ins. Co. of N.Y.*, 790 F.2d 769, 773 (9th Cir. 1986) ("Removal jurisdiction is statutory and strictly construed."). Understanding that there is a "strong presumption against removal jurisdiction," Defendants have not met their burden of showing that removal was proper. *Estate of Lhotka*, 599 F.3d at 1107 (internal quotation marks and citation omitted). Accordingly, this action must be remanded.[5]

## CONCLUSION

In accordance with this Court's reasoning in *McAboy*, Plaintiff's Motion to Remand, ECF 11, is GRANTED. This case is REMANDED to the Multnomah County Circuit Court in the State of Oregon (Case No. 22CV09868) for further proceedings.

**IT IS SO ORDERED.**

DATED this 13th day of July, 2022.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

---

[4] This Court is even more wary of Defendants' arguments in light of the fact that both Defendants are residents of the forum and service on either Defendant would automatically defeat removal under the forum defendant rule.

[5] This Court declines to address the Parties' arguments concerning the circumstances surrounding Defendant Becklin's registered agent for service. *See, e.g.*, ECF 14 at 12.